# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

RAYMOND PANNELL                                                                                       PLAINTIFF

V.                                                                                               NO. 1:10CV042-D-D

PRENTISS COUNTY, et al.                                                              DEFENDANTS

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of the Plaintiff's case filed pursuant to 42 U.S.C. § 1983. The court finds that the Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The Plaintiff complains generally about the conditions at the Prentiss County Justice Center were he is currently being held. The Plaintiff takes issue with "shakedowns," the confiscation of property, not being allowed to smoke, having no access to a telephone or television. Given the deficient pleadings, the court issued a show cause order requiring the Plaintiff to identify any physical injury he has suffered as a result of the conditions of confinement. In his response, the Plaintiff admits that he has only suffered emotional and mental injuries.[1] For these perceived transgressions, the Plaintiff is seeking millions in damages.

Federal courts are permitted to "pierce the veil" of a prisoner's *in forma pauperis* complaint reviewing "factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Complaints about prison conditions are analyzed under the Eighth Amendment which prohibits cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Eight Amendment does not mandate comfortable prisons; nevertheless, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). A prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a

---

[1] His response to the show cause order also includes an indirect attempt to challenge the underlying criminal charges. The Plaintiff also believes that his attorney and in-laws have placed a microchip in his back.

claim for physical or emotional damages – regardless of the nature of the claim. 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim arising out of conditions of his confinement. That is, the injury must be more than *de minimis*, but need not be significant. *See id.*; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

The Plaintiff's only stated "injury" is his own conclusion that he has suffered emotional distress. The Plaintiff may not recover damages for emotional distress absent a physical injury. Since the Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state a claim for an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A final judgment shall issue in accordance with this opinion.

THIS the 10 day of May, 2010.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI